# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CONRAAD L. HOEVER,**

    **Plaintiff,**

vs.                                                                          CASE NO. 4:14cv273-WS/CAS

**P. CAPER, J. CHISHOLM,**
**M. GORDON, K. HAMPTON,**
**and J. MATHES,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed a second amended civil rights complaint. Doc. 12. This version of the complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff alleged that he was given a false and retaliatory disciplinary report by Defendant Gordon because Plaintiff complained about not being allowed to have a break every four hours. Plaintiff states he was sentenced to sixty days in confinement because of the disciplinary report. *Id.* at 13.

In a prior Order, doc. 8, Plaintiff was advised that he could "not challenge the issuance of a disciplinary report if the gain time has not been restored and the

disciplinary report overturned." Doc. 8 at 1-2. In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the Court held that a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372 (cited in doc. 8 at 1-2). Despite that warning, Plaintiff has once again reasserted this claim in the second amended complaint, but now omitting what was stated explicitly in his amended complaint, that Plaintiff lost "20 days of gain-time" because of the disciplinary report. See doc. 7 at 11. Plaintiff does not save a claim that is not ripe for review by intentionally omitting relevant facts.

Moreover, although the "First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech," see Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003), the speech must be constitutionally protected. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008); see Moton v. Cowart, 631 F.3d 1337, 1342 (11th Cir. 2011) (noting that an inmate must establish three elements[1] to prevail on a retaliation claim, the first of which is that "his speech or act was constitutionally protected"). By virtue of his confinement, Plaintiff has a limited right of free speech. Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974) (stating that prisoners retain only those rights that are "not inconsistent with [their] status as [prisoners] or with the legitimate penological objectives of the corrections system.").

---

[1] The three elements Plaintiff must demonstrate are that "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal connection between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance]." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011).

Case No. 4:14cv273-WS/CAS

"Insubordinate remarks" to prison officials is not protected speech and cannot "establish the first element of a retaliation claim."  Smith, 532 F.3d at 1277.  Plaintiff does, however, have a First Amendment right to file grievances and to petition the government for a redress of grievances.  Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006).  The deficiency with this claim is that Plaintiff did not file grievances which prompted the allegedly retaliatory disciplinary report.  Rather, Plaintiff verbally complained to Defendant Gordon that the rules permit inmates to take breaks.  Thus, Defendant Gordon is alleged to have retaliated against Plaintiff for his verbal complaints only.  On its face, that seems insufficient to meet the first requirement of a retaliation claim - that Plaintiff engaged in "constitutionally protected speech."

Most cases have found such protected speech when an inmate filed a grievance. *See* O'Bryant, 637 F.3d at 1212; Farrow, 320 F.3d at 1248; Mosley, 532 F.3d at 1276. *But see* Benton v. Rousseau, 940 F.Supp.2d 1370, 1376-77 (M.D. Fla. 2013) (finding prisoner "engaged in constitutionally protected speech because he [verbally] complained about the conditions of his confinement [while] in the transport vehicle."). There are ample reasons which support limiting "protected speech" of a prisoner to the contours of filing a grievance.  Such reasons include establishing an evidentiary record, and eliminating disputes over whether a "verbal complaint was given belligerently" in light of the fact that a prisoner is not free to use any words he chooses when addressing prison officials.  *See* Davis v. United States, 272 F.App'x 863, 868 (11th Cir. 2008) (finding that "[e]ven assuming arguendo that an inmate engages in constitutionally protected speech when he lodges a verbal complaint about his cell assignment, . . . the undisputed record shows that Stewart prepared the incident report that resulted in

Davis's discipline because Davis was being belligerent, cursing and refusing to leave when ordered to do so."). Because Plaintiff did not file a grievance and only verbally complained to Defendant Gordon, Plaintiff did not engage in constitutionally protected speech.

Nevertheless, that issue need not be decided because it is clear that Plaintiff was found guilty of the disciplinary report written by Defendant Gordon which Plaintiff claims was "fabricated" and retaliatory. Doc. 12 at 12. That report charged that Plaintiff "refused to work." Plaintiff was found guilty of the charge after a disciplinary hearing before Defendants Capers and Chisholm. "If a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report." O'Bryant, 637 F.3d at 1215; *see also* Allen v. Sec'y, Fla. Dep't of Corrs., — F.App'x —, 2014 WL 4100423, at *2 (11th Cir. Aug. 21, 2014) (noting "that a prisoner 'cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process.' ") (quoting O'Bryant, 637 F.3d at 1215). While Plaintiff contends that a video recording was not provided, Plaintiff acknowledges that four witness statements were read and Plaintiff was able to present testimony in the disciplinary hearing; thus, Plaintiff received due process. More importantly, Plaintiff may not proceed on this claim because he lost gain time as a result of the disciplinary report. *See* Heck, 114 S. Ct. at 2372; Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137

L. Ed. 2d 906 (1997).  Therefore, Plaintiff's claims against Defendants Gordon, Capers, and Chisholm must be dismissed.

Plaintiff's complaint against Defendant Mathes is also insufficient.  Plaintiff alleges that Defendant Mathes forced him to sign an incomplete inventory list of his property.  Doc. 12 at 12.  Plaintiff states that he never received all his property.  Plaintiff reports that he never received some unidentified "books, personal clothing, and his diaries."  *Id.* at 13.  Plaintiff also claims the Defendant threatened him that if he complained, Defendant Mathes would write him a disciplinary report.  *Id.*  Nonetheless, Plaintiff alleges that he filed grievances concerning that issue, but all were denied.  *Id.*

To the degree Plaintiff presents this as a First Amendment claim, it is insufficient.  Plaintiff has not suffered any adverse consequences as a result of any alleged threat and there were no threats of physical violence.  Moreover, Plaintiff did not suffer any adverse consequences because he was not deterred from exercising his First Amendment rights.  Plaintiff admits that he filed grievances against Defendant Mathes.

Although not presented as a property claim, liberally construed Plaintiff could be alleging that his due process rights were violated because of the loss of his property.  That claim is also insufficient.  A prisoner's challenge to the loss of his property is not a viable claim.  See <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986) (holding "that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.").  The Supreme Court has unequivocally held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984).  The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property.  Fla. Stat. § 768.28(1).  The existence of § 768.28 provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property.  Thus, the deprivation of property is not cognizable under § 1983 and this claim must also be dismissed.

Plaintiff's final claim in this case is that Defendant Hampton threatened Plaintiff about filing grievances or making complaints.  Defendant Hampton was allegedly angry that Plaintiff had complained to the warden about not receiving hygiene supplies.  Defendant Hampton threatened Plaintiff with physical harm, and told him if he wrote a grievance or complaint, it would be his last.  Generally, an officer's verbal threat, without more, is insufficient to state a claim under the Eighth Amendment.  Chandler v. D.C. Dep't of Corrs., 145 F.3d 1355, 1360 (D.C.Cir. 1998) (citing Hudson v. McMillian, 503 U.S. 1, 16, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (Blackmun, J., concurring)).  Those facts do not present an Eighth Amendment claim.

Yet a threat may be actionable under the First Amendment if it deterred Plaintiff from filing grievances or, put another way, caused adverse consequences.  *See* Pittman v. Tucker, 213 F. App'x 867, 871 (M.D. Fla. 2007) (concluding "that a reasonable jury could find that there was a threat of possible violence that could deter a person of ordinary firmness from filing additional grievances."); Bennett v. Hendrix, 432 F.3d 1247, 1254 (11th Cir. 2005) (adopting "the following standard: A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary

firmness from the exercise of First Amendment rights."). It is not clear based on the facts as alleged in the second amended complaint that Plaintiff does not have a plausible claim against Defendant Hampton. Plaintiff should be provided an opportunity to pursue this claim by filing a third amended complaint, limited solely to this claim against Defendant Hampton. All other claims presented in this case should be dismissed for failure to state a claim

Finally, Plaintiff seeks compensatory and punitive damages in this case. Doc. 12 at 14. Plaintiff did not suffer physical injury as a result of the alleged First Amendment violations. Even if successful, Plaintiff's request for compensatory monetary damages must necessarily be limited to nominal damages as required by 42 U.S.C. § 1997e(e). Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999); Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). Furthermore, the PLRA also precludes an award "of punitive damages in the absence of physical injury." Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011). Plaintiff's claims must be limited to nominal damages only.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 12, be **DISMISSED** as to Defendants Capers, Chisholm, Gordon, and Mathes for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that Plaintiff be

---

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

permitted to file a third amended complaint limited only to the First Amendment retaliation claim within 21 days of the date this Report and Recommendation is adopted.

**IN CHAMBERS** at Tallahassee, Florida, on October 29, 2014.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**