## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CONRAAD L. HOEVER,**

   **Plaintiff,**

**v.**                                                    **Case No. 4:14cv273-WS/CAS**

**KEVIN HAMPTON,**

   **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Conraad Hoever, an inmate at Madison Correctional Institute, proceeding *pro se*, filed his fourth amended civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Kevin Hampton, a correctional officer.  ECF No. 18.  On October 23, 2015, Defendant filed a motion to dismiss Plaintiff's complaint for failure to exhaust all available administrative remedies under 42 U.S.C. § 1997e(a) and for failure to state a claim for relief.  ECF No. 40.  On November 30, 2015, Plaintiff filed a response to Defendant's motion.  ECF No. 42.

### Plaintiff's Fourth Amended Complaint

On January 8, 2015, Plaintiff filed his fourth amended civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF. No. 18.  The complaint alleges that on August 31, 2012, Defendant violated Plaintiff's First

Amendment rights by threatening to retaliate against Plaintiff for filing grievances. *Id.*

While in confinement at Franklin Correctional Institution, Plaintiff complained to the warden about not receiving hygiene supplies. *Id.* at 11. After the warden left, Defendant, a correctional officer, told Plaintiff that he had given Defendant "a bad name with the warden." *Id.* Defendant then forbade Plaintiff from "speak[ing] to anyone or complain[ing] about anything." *Id.* Defendant threatened to harm Plaintiff with "chemical agents" and said that he would "put a knife in [Plaintiff's] locker to justify his actions." *Id.* Defendant further stated that "no grievance, [l]awyer, or judge could deliver Plaintiff from his hand…and that the next complaint or grievance Plaintiff would write that he knows of would be his last." *Id.*

Plaintiff alleges that Defendant's threats of retaliation violated Plaintiff's First Amendment rights of "freedom of expression to complain about the conditions of his incarceration." *Id.* at 12. Plaintiff seeks a declaration and injunction against the violation, damages including legal costs, a trial by jury, and any other relief that this Court deems proper. *Id.*

## Defendant's Motion to Dismiss

Defendant argues that Plaintiff has not filed "any grievances or appeals concerning the incident alleged in the Fourth Amended Complaint

before filing this lawsuit." *Id.* at 8.  Defendant points to the time period

between August 31, 2012, the date of the alleged incident, and January 1,

2013, as the time period in which the three-step grievance procedure under

Chapter 33-103, Florida Administrative Code, should have taken place.

*See* Fla. Admin. Code r. 33-103.011 (the maximum amount of time the

process could take is 110 days).  Defendant contends that Plaintiff did not

file any informal grievances, formal grievances, or administrative appeals

relating to the alleged incident.  *See e.g.*, Ex. A-F.[1]  Accordingly, Defendant

seeks dismissal pursuant to 42 U.S.C. § 1997e(a).

Defendant also argues that Plaintiff has not demonstrated any

retaliatory conduct by the Defendant that can support a claim of retaliation.

*Id.* at 10-11.  Specifically, Defendant contends that verbal abuse and

threats, "no matter how violent, do not amount to a claim cognizable under

§ 1983." *Id.*

### Plaintiff's Response to Defendant's Motion

In response, Plaintiff contends that administrative remedies were not

available to him.  ECF No. 42 at 3.  Plaintiff contends that Defendant's

threats of retaliation if Plaintiff filed any new grievances made the

---

[1] Hereinafter, all citations to the record, "Ex. -," refer to exhibits submitted with Defendant's motion to dismiss, ECF No. 40.

administrative remedies unavailable.  *Id.* at 5.  Alternatively, he argues he

is not required to re-exhaust administrative remedies for each new

complaint in a series of continuing violations.  *Id.* at 5.  Plaintiff contends

that he has already exhausted the administrative remedies available to him

regarding other complaints of the same nature.  *Id.* at 5-6.  As Defendant's

threats are one instance in a series of ongoing threats of retaliation Plaintiff

asserts that exhaustion for each new complaint of this nature is not

required.  *Id.* at 6.

## Analysis

*1. Exhaustion of Available Administrative Remedies*

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be

brought with respect to prison conditions under section 1983 of this

title…by a prisoner…until such administrative remedies as are available are

exhausted."  42 U.S.C. § 1997e(a).  Under the Florida Administrative Code,

prisoners must follow a three-step grievance process in order to exhaust all

available administrative remedies.  *See* Fla. Admin. Code rr. 33-103.005-

.007.  This process involves filing an informal grievance, then a formal

grievance if the prisoner is not satisfied with the response to the informal

grievance, then an administrative appeal if the prisoner is not satisfied with

the response to the formal grievance.  *Id.*  If the prisoner fulfills this three-

step process without satisfaction, he has exhausted his available administrative remedies and may bring suit under § 1983.  *See* 42 U.S.C. § 1997e(a).

The purpose of the PLRA exhaustion requirement is to give correctional facilities "time and opportunity to address complaints internally before allowing the initiation of a federal case."  Woodford v. Ngo, 548 U.S. 81, 93 (2006); *see* Jones v. Bock, 549 U.S. 199, 204 (2007) ("Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.").  The exhaustion requirement is also "designed to reduce the quantity and improve the quality of prisoner suits…."  Porter v. Nussle, 534 U.S. 516, 516 (2002).

The record reflects that between August 31, 2012, the date of the alleged incident, and January 1, 2013, Plaintiff filed two informal grievances (Ex. C; Ex. D), two formal grievances (Ex. E; Ex. F), and two administrative appeals (Ex. B).  Those grievances concerned separate issues regarding the result of a Disciplinary Hearing (Ex. B at 12) and lost property (Ex. B at 4).

It is undisputed that Plaintiff has not filed any informal grievances, formal grievances, or administrative appeals concerning the specific

incident alleged in the fourth amended complaint.  However, Plaintiff contends in his response that he is not required to exhaust administrative remedies for this specific incident because no remedies were available. ECF No. 42 at 5.  Plaintiff contends that Defendant's threats of violence "prevent[ed], thwart[ed], or hinder[ed] [his] efforts to avail himself of an administrative remedy…render[ing] that remedy 'unavailable.'"  *Id.* at 3 (citing <u>Little v. Jones</u>, 607 F.3d 1245, 1250 (10th Cir. 2010).

The Eleventh Circuit has held that "a prison official's serious threats of substantial retaliation against an inmate for lodging…a grievance make the remedy unavailable."  <u>Turner v. Burnside</u>, 541 F.3d 1077, 1085 (11th Cir. 2008).  The court in <u>Burnside</u> created a two-part test to determine whether a threat has made an administrative remedy unavailable.  *Id.* ("[T]he administrative remedy [is] unavailable…if both of these conditions are met: (1) the threat actually did deter the plaintiff inmate from lodging a grievance…; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance….").

The alleged threats made by Defendant are explicit.  *See* ECF No. 18 at 11.  Defendant stated that he would harm Plaintiff with "chemical agents," that no one "could deliver Plaintiff from his hand," and that Plaintiff's next complaint or grievance "would be his last."  *Id.*  A reasonable

inmate of ordinary firmness and fortitude would understandably be hesitant about filing a grievance after receiving these threats.  *See* Burnside, 541 F.3d at 1084-85 (finding that the purpose of the grievance process is thwarted if "the prisoner is told that lodging a grievance will result in his overall condition becoming worse instead of better.  Where cost outweighs benefit a rational decision maker will forego the benefit").  Accordingly, Plaintiff has satisfied the second prong of the Burnside test.

It is not clear, however, that Plaintiff satisfies the first prong: that Defendant's threats actually deterred Plaintiff from filing a grievance. Although Plaintiff did not file a grievance concerning this specific incident, he did file two unrelated formal grievances and two unrelated administrative appeals after the threats were made.  *See e.g.,* Ex. B at 2; Ex. E at 2; Ex. F at 2.  Plaintiff filed one of the unrelated formal grievances only four days after being threatened.  Ex. F at 2.  Plaintiff's grievances and appeals filed after Defendant's threats weaken his argument.  *See* Halpin v. Crist, 405 F. App'x 403, 407 (11th Cir. 2010) ("To the extent that he argues that he was unable to file grievances for fear of retaliation, his argument is severely undermined by the record of multiple unrelated grievances he filed, both before and after the alleged incident giving rise to the fear of reprisal."). Nevertheless, Plaintiff specifically claimed that he considered it a "life-

saving move" to avoid grievances which concerned Defendant.  ECF No.

42 at 7.  Thus, it is reasonable to believe that Defendant's threats deterred

Plaintiff from filing grievances against Defendant, regardless of the fact that

Plaintiff filed two unrelated grievances and two appeals after being

threatened.  *See* Dimanche v. Brown, 783 F.3d 1204, 1209 (11th Cir. 2015)

(finding that prisoner was deterred by threats despite filing twelve internal

grievances after being threatened).  Accordingly, it is concluded that

administrative remedies were not available to Plaintiff.  Defendant's motion

to dismiss on the basis of exhaustion should be denied.

### 2.  *Failure to State a Claim for Relief*

Defendant also contends that Plaintiff's fourth amended complaint

does not state a claim of retaliation.  ECF No. 40 at 11.  Defendant argues

that "threats of physical harm, no matter how violent, do not amount to a

claim cognizable under § 1983."  *Id.* (citing Hernandez v. Fla. Dep't of

Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is

insufficient to state a constitutional claim.").  However, the cases cited by

Defendant concern a violation of the Eighth Amendment.  *See e.g.*,

Robertson v. Plano, 70 F.3d 21, 24 (5th Cir. 1995) ("[I]n the *Eighth*

*Amendment context*, our circuit has recognized as a general rule that mere

threatening language and gestures of a custodial officer do not…amount to

constitutional violations.") (emphasis added) (internal quotation marks omitted); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (finding that verbal abuse by prison guard was not a violation of prisoner's *Eighth Amendment* rights); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973) (stating in an *Eighth Amendment* § 1983 case that "mere words, however violent, are held not to amount to an *assault*.") (emphasis added).

Plaintiff has alleged a violation of his First Amendment rights.  "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003).  In order to prevail on a claim of retaliation, Plaintiff must show that "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech."  Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement."  *Id.*  Plaintiff alleged that he complained to

the warden about conditions of his confinement and was threatened by Defendant for doing so.  ECF No. 18 at 11.  Thus, Plaintiff has sufficiently alleged a claim of retaliation, and Defendant's motion to dismiss should be denied.

### 3. Official/Individual Capacity of Defendant

Finally, Defendant argues that, "to the extent that Plaintiff may be attempting to sue Defendant Hampton in his official capacity for damages, the Fourth Amended Complaint must be dismissed."  ECF No. 40 at 12. Plaintiff did not address this argument.  Nevertheless, it is well established that the Eleventh Amendment guarantees "that non-consenting States may not be sued by private individuals in federal court."  Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).  This "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky v. Graham, 473 U.S. 159, 169 (1985).

Plaintiff has not indicated the capacity in which he is suing Defendant. See ECF No. 18 at 1-2.  In Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1046-48 (11th Cir. 2008), the Court explained that "[w]hen it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed."  Young Apartments, 529 F.3d at 1047 (quoting Jackson v. Ga.

Dep't of Trans., 16 F.3d 1573, 1575 (11th Cir. 1994)).  "However, plaintiffs are not required to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities, or both."  Young Apartments, 529 F.3d at 1047 (citing Hobbs v. Roberts, 999 F.2d 1526, 1529-30 (11th Cir. 1993)).  "Thus, while it is 'clearly preferable' that a plaintiff state explicitly in what capacity defendants are being sued, 'failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice.'"  Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001) (quoted in Young Apartments, 529 F.3d at 1047); see also Harris v. Ostrout, 65 F.3d 912, 915 (11th Cir. 1995) (noting that a pro se complaint is construed "more liberally than…the complaint of a represented party").

In this case, Plaintiff's complaint seeks "any and all manner of damages" available.  ECF No. 18 at 12.  Damages are only available when defendants are sued in their individual capacities.  Young Apartments, 529 F.3d at 1047 (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981)).  Thus, to the degree Plaintiff has attempted to sue Defendant in his official capacity, such a claim must be dismissed.

## Recommendation

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss

(ECF No. 40) Plaintiff's fourth amended complaint (ECF No. 18) be

**GRANTED in part and DENIED in part**.  The official capacity claim should

be **DISMISSED**, but the motion to dismiss should otherwise be **DENIED**.  It

is further **RECOMMENDED** that this case be **REMANDED** for further

proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 19, 2016.

s/      Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**A party may file specific, written objections to the proposed
findings and recommendations within 14 days after being served with
a copy of this report and recommendation.  A party may respond to
another party's objections within 14 days after being served with a
copy thereof.  Failure to file specific objections limits the scope of
review of proposed factual findings and recommendations.**